**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary R. Walsh, | No. CV-06-474-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Christine Scattergood, | |
| Defendant. | |

Gary Walsh and Christine Scattergood, once husband and wife, are now plaintiff and defendant. To the extent marital harmony ever existed, it is now lost in a morass of unconcealed hostility that has generated several visits to both state and federal court. In this action, Walsh accuses his ex-wife of fraud, obstruction of justice, extortion, racketeering, breach of fiduciary duty, and colluding with a state court judge to violate his due process rights. In response, Scattergood accuses her ex-husband of harassment. The parties seek sanctions against each other. We have before us Scattergood's motion to dismiss the complaint (doc. 3), the response (doc. 6), and the reply (doc. 7); Walsh's motion to amend the complaint (doc. 5), the response, which we also interpret as a motion to dismiss the amended complaint (doc. 8), and the response thereto (doc. 10); and Walsh's motion for sanctions (doc. 9).

## I. Background

Over two years ago, Scattergood petitioned Walsh for the dissolution of their marriage in Yavapai County Superior Court. On the eve of trial, Scattergood moved to preclude Walsh from presenting evidence for failing to submit required disclosure and pretrial statements. The court ordered Walsh to respond to the motion, but he failed to do so. Accordingly, the court barred Walsh from offering any evidence other than his own testimony. The parties subsequently stipulated to the terms of the dissolution and the court issued a corresponding decree.

Walsh then requested the judge's recusal, which was granted in an order that described Walsh's pleadings as "impertinent," "defamatory," "wrong, dishonest, and misleading." Response to Motion to Dismiss, Ex. F. Walsh disputed the court's order that precluded him from submitting evidence at trial and sought relief from the decree pursuant to Rules 59 and 60, Ariz. R. Civ. P. His motions were denied. He attempted to raise 42 U.S.C. § 1983 claims against Scattergood by way of post-decree motions. The court dismissed those claims and concluded that Walsh violated Rule 11, Ariz. R. Civ. P., by filing them "to harass or to cause unnecessary delay or needless[ly] increase . . . the cost of litigation." Motion to Dismiss, Ex. C at 1-2 (first modification in original). In doing so, the court relied in part upon "an undenied email from [Walsh] reflecting his goal of requiring [Scattergood] to litigate away their life savings." Id.

True to the text of that email, Walsh filed two federal actions. First, in late 2004, Walsh sued Scattergood and various other individuals and entities. The court dismissed that action for lack of jurisdiction, finding Walsh's assertion of domicile "frivolous." Motion to Dismiss, Ex. A at 2. Second, on February 14, 2006, Walsh filed this action.

## II. Motion to Amend the Complaint

Walsh moves to amend the complaint. A party may amend his pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). An answer has not yet been served. Therefore, Walsh's amendments to the complaint are effective, and his motion to amend the complaint is denied as moot (doc. 5).

### III.  Motions to Dismiss

Walsh contends that we have jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.  Scattergood moves to dismiss for lack of jurisdiction, for failure to state claims upon which relief can be granted, and for failure to comply with Rules 8(a) and 9(b), Fed. R. Civ. P.

### A

Walsh contends that he is a citizen of the State of Washington, that Scattergood is a citizen of the State of Arizona, that the amount in controversy exceeds $75,000, and that we therefore have jurisdiction over the subject matter of the complaint pursuant to 28 U.S.C. § 1332.  Walsh has the burden of proving the jurisdictional facts because he is the party asserting jurisdiction.  See Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  To establish state citizenship, a plaintiff must show that he has a fixed residence in the state and that he intends to remain there permanently or indefinitely.  Id. (citations omitted).  Walsh sets forth various undisputed documents that show that he is a resident of Washington.  However, he does not assert that he intends to remain there.  To the contrary, he asserts that he lives in Washington in an apartment over his sister's garage because Scattergood defrauded him of all of his resources and he had no other options.  Therefore, Walsh failed to establish jurisdiction pursuant to 28 U.S.C. § 1332.

### B

Walsh contends that Scattergood made intentional misrepresentations to, and colluded with, the Yavapai County Superior Court in an attempt to mislead it and to prevent him from setting forth evidence in his favor.  Walsh claims that these acts amount to fraud, which he claims are subject to federal law, and violations of 18 U.S.C. § 1962 and 42 U.S.C. § 1983.  Accordingly, he asserts that we have jurisdiction pursuant to 28 U.S.C. § 1331.

A plaintiff must set forth a "substantial" federal claim to establish jurisdiction pursuant to § 1331.  Hagans v. Lavine, 415 U.S. 528, 536-38, 94 S. Ct. 1372, 1378-79 (1974).  A claim that is "immaterial," "insubstantial," "frivolous" or "made solely for the purpose of

obtaining jurisdiction" is insufficient for jurisdictional purposes. Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946).

In 1970, Congress passed the Organized Crime Control Act for the "eradication of organized crime." Pub. L. No. 91-452, 84 Stat. 922, 923. Title IX of that Act, entitled Racketeer Influenced and Corrupt Organizations, contains the following provision, which is codified at 18 U.S.C. § 1962:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . , to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Id. at 942. Walsh contends that Scattergood committed "racketeering activity" by committing 1) "an[] act or threat involving . . . extortion . . . , which is chargeable under State law and punishable by imprisonment for more than a year"; 2) "an[] act which is indictable under . . . [18 U.S.C.] section 1503 (relating to obstruction of justice)"; and 3) "an[] act which is indictable under . . . [18 U.S.C.] section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity)." See 18 U.S.C. § 1961.

Even assuming that Walsh's allegations could support a finding of "racketeering activity," which is extremely unlikely, he fails to set forth any allegations which could be described as a "pattern" of racketeering activity, or that show that Scattergood used her income therefrom in the "acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." This claim is frivolous and therefore insufficient to establish jurisdiction.

Walsh also claims that Scattergood committed "constructive fraud" and that "[u]nder application of the complete preemption doctrine, because state common law claims are deemed to be recast as federal claims, the preempted state law claims give rise to federal question jurisdiction." Motion to Amend the Complaint at 2-3. This contention is incomprehensible, unsupported and frivolous, and is therefore insufficient to establish jurisdiction.

1    Walsh also claims that Scattergood is liable pursuant to 42 U.S.C. § 1983 for violating
2 his due process rights.  "Private parties act under color of state law if they willfully
3 participate in joint action with state officials to deprive others of constitutional rights."
4 United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989).
5 Therefore Scattergood could be liable under § 1983 if Walsh could show that she colluded
6 with the Superior Court judge to deny him his due process rights.  "The test for dismissal is
7 a rigorous one and if there is any foundation of plausibility to the claim[,] federal jurisdiction
8 exists."  Charles Alan Wright et al., Federal Practice and Procedure § 3564 (1984).  Although
9 the claim is fantastic, given this standard, we assume without deciding that we have
10 jurisdiction over it pursuant to 28 U.S.C. § 1331.

11    Nonetheless, Walsh fails to state a claim upon which relief can be granted.[1]  His
12 allegations are merely conclusory; he sets forth no factual allegations from which we could
13 conclude that Scattergood colluded with the Superior Court judge.  "Conclusory allegations
14 of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure
15 to state a claim."  Halkin v. Verifone Inc. (In re Verifone Securities Litigation), 11 F.3d 865,
16 868 (9thCir. 1993) (citation omitted).  Therefore, Scattergood's motion to dismiss the § 1983
17 claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., is granted.  We have no basis for jurisdiction
18 over the remaining claims.  Therefore, Scattergood's motion to dismiss the remaining claims
19 pursuant to Rule 12(b)(1), Fed. R. Civ. P., is granted.

## IV.  Request for Judgment on the Merits

21    Scattergood requests that dismissal be entered with prejudice to prevent Walsh from
22 pursuing these claims again.  The dismissal of the § 1983 claim is a judgment on the merits
23 and therefore prejudice attaches.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394,
24 399 n.3, 101 S. Ct. 2424, 2428 n.3 (1981).  The doctrine of res judicata will bar the re-
25 assertion of that claim and any claim that could have been asserted.

---

[1] The standards for the substantiality of a federal claim pursuant to 28 U.S.C. § 1331, and for the sufficiency of a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., are not identical. See Bell, 327 U.S. at 682-85, 66 S. Ct. at 776-77.

- 5 -

## V. Motions for Sanctions

Scattergood contends that Walsh's harassing conduct, his unnecessary delay, and his goal to cause her to expend her life savings through litigation expenses violate Rule 11, Fed. R. Civ. P. Accordingly, she "request[s] that [he] be required to pay any costs incurred by [her] in responding to the Complaint." Motion to Dismiss at 9. A motion for sanctions "shall be made separately from other motions." Fed. R. Civ. P. 11(c)(1). Moreover, that motion "shall be served . . . but shall not be filed with or presented to the court [within] 21 days after service." Id. These requirements are mandatory. See Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir. 2001). Walsh's filings appear to be sanction-worthy, but Scattergood failed to comply with both provisions. Accordingly, Scattergood's motion for sanctions pursuant to Rule 11 is denied (doc. 3).

Walsh also moves for sanctions pursuant to Rule 11, and also fails to comply with the 21-day waiting period. Accordingly, Walsh's motion for sanctions is denied (doc. 9).

## VI. Conclusions

**IT IS ORDERED DENYING** as moot plaintiff's motion to amend the complaint (doc. 5).

**IT IS FURTHER ORDERED GRANTING** defendant's motions to dismiss (docs. 3 and 8).

**IT IS FURTHER ORDERED DENYING** defendant's motion for sanctions (doc. 3).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion for sanctions (doc. 9).

All claims having been dismissed, the clerk is directed to enter judgment for defendant.

1   In light of Judge Wake's order of April 14, 2005 in CV-04-2829-PCT-NVW, and this
2 order, Walsh is advised to file no further actions in this court. His remedies, if any, lie in
3 state court. We further advise him to seek the advice of counsel. If he does not have a
4 lawyer, he may wish to call the Lawyer Referral Service of the Maricopa County Bar
5 Association at 602-257-4434.
6   DATED this 16th day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge